Dear Mr. Gomes:
On behalf of the New Orleans Business and Industrial District (the "District"), created by R.S. 33:4701, you have requested the opinion of this office on two issues. As the undersigned has discussed with you, this office is not in a position to address the second issue presented by your request until we receive additional information from you. You asked that we go ahead and address the first question presented in your request and we trust that our response thereto, as follows, is of assistance to the District.
Your first question pertains to the granting of a first mortgage on real property owned by the District for the benefit of a particular economic development prospect known as Castle Rock Pavers. It is our understanding that the District is contemplating placing a mortgage on District property in favor of Regions Bank, which mortgage will serve as collateral for a guarantee of some of Castle Rock's obligations to Regions Bank. If Castle Rock defaults on its obligations to the Bank, then the Bank can exercise its rights under the mortgage on the District's property. Specifically, you ask whether such a mortgage, by the District, violates La. Const. Art. VII, Sec. 14.
La. Const. Art. VII, Sec. 14(A) prohibits the "funds, credit, property, or things of value" of the state and its political subdivisions from being "loaned, pledged or donated to or for any person, association, or corporation, public or private". Although this constitutional provision also provides certain exceptions to this rule, those exceptions do not apply to the contemplated transaction.
In response to your first question, it is the opinion of this office that a mortgage of District property for the benefit of Castle Rock Pavers is tantamount to a donation of the "credit" of the District for the benefit of Castle Rock Pavers, and is, therefore, prohibited by La. Const. Art. VII, Sec. 14.
Our position in this regard is consistent with Cityof Port Allen v. La. Mun. Risk Management Agency, Inc.,439 So.2d 399 (La. 1983), which interpreted Art. VII, Sec. 14. Therein, Louisiana's Supreme Court set forth the rule that ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations, or to individuals merely for a `public purpose'."
Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 4/4/96 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL